**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| SMARTPHONE TECHNOLOGIES LLC, | § § § | |
| Plaintiff, | § § | CIVIL ACTION NO. 6:14-CV-803 |
| v. | § § | **JURY TRIAL DEMANDED** |
| ASUSTEK COMPUTER INC. and ASUS COMPUTER INTERNATIONAL, | § § § § | |
| Defendants. | § § § § § | |

## PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff SmartPhone Technologies LLC ("SmartPhone") files this Complaint against ASUSTeK Computer Inc. and ASUS Computer International (collectively, "Defendants") for infringement of U.S. Patent No. 8,805,957 ("the '957 patent").

## THE PARTIES

1.      SmartPhone is a Texas limited liability company with its principal place of business in Plano, Texas.

2.      ASUSTeK Computer Inc. is a Taiwan corporation with its principal place of business in Taipei, Taiwan.  On information and belief, this Defendant may be served with process at its principal office located at No. 15, Li-Te Road, Peitou, Taipei F5, Taiwan.  This Defendant does business in the State of Texas and in the Eastern District of Texas.

3.     ASUS Computer International (with ASUSTeK Computer Inc., "ASUS") is a California corporation with its principal place of business in Fremont, California.  This Defendant may be served with process through its agent, C.T. Corporation System, 818 West Seventh Street, Los Angeles, California 90017.  This Defendant does business in the State of Texas and in the Eastern District of Texas..

## JURISDICTION AND VENUE

4.     SmartPhone brings this action for patent infringement under the patent laws of the United States, namely 35 U.S.C. §§ 271, 281, and 284-285, among others.   This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a), and 1367.

5.     Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(c) and 1400(b).  On information and belief, each Defendant is deemed to reside in this judicial district, has committed acts of infringement in this judicial district, has purposely transacted business involving their accused products in this judicial district, and/or has regular and established places of business in this judicial district.

6.     Each Defendant is subject to this Court's  specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this State and judicial district, including: (A) at least part of its infringing activities alleged herein; and (B) regularly doing or soliciting business, engaging in other persistent conduct, and/or deriving substantial revenue from goods sold and services provided to Texas residents.

## COUNT I

(INFRINGEMENT OF U.S. PATENT NO. 8,805,957)

7.     SmartPhone incorporates paragraphs 1 through 6 herein by reference.

8.     SmartPhone is the exclusive licensee of the '957 patent, entitled "METHOD AND APPARATUS FOR COMMUNICATIONS OVER LOW BANDWIDTH COMMUNICATIONS NETWORKS," with ownership of all substantial rights in the '957 patent.  Among other rights, SmartPhone has the exclusive right to exclude others, the exclusive right to enforce, sue and recover damages for past and future infringements, the exclusive right to settle any claims of infringement, and the exclusive right to grant sublicenses, including the exclusive right to exclude ASUS, the exclusive right to sue ASUS, the exclusive right to settle any claims with ASUS, and the exclusive right to grant a sublicense to ASUS.  A true and correct copy of the '957 patent is attached as Exhibit A.

9.     The '957 patent is valid, enforceable and was duly issued in full compliance with Title 35 of the United States Code.

10.    ASUS is directly and/or indirectly infringing (by inducing infringement) one or more claims of the '957 patent in this judicial district and elsewhere in Texas and the United States, including at least claims 1, 4, 6, 7, 9, 14, and 15 without the consent or authorization of SmartPhone, by or through making, using, offering for sale, selling and/or importing computerized communication devices, including, without limitation, Nexus 7 devices (e.g., Nexus 7 and Nexus 7 (2013)), ASUS MeMO Pad devices (e.g., MeMO Pad FHD 10, MeMO Pad HD 7, MeMO Pad Smart 10", MeMO Pad 10 (ME102A), MeMO Pad 8 (ME180A), MeMO Pad 7 (MeMO Pad 176CX), and MeMO Pad (ME181C)), ASUS

3

Transformer Pad devices (e.g., Transformer Pad TF300T, Transformer Pad TF700T, Transformer Pad TF103C, and Transformer Pad TF300TL), Slider Pad devices (e.g., Eee Pad Slider SL101), and PadFone devices (e.g., PadFone X)  (collectively, "the '957 Accused Devices"). ASUS and persons who acquire and use such devices, including ASUS's customers, have, at a minimum, directly infringed the '957 patent, and ASUS is thereby liable for direct and/or indirect infringement of the '957 patent pursuant to 35 U.S.C. § 271.

11.     ASUS has directly infringed the '957 patent by making, using, selling, offering for sale, and/or importing the '957 Accused Devices which include the claimed elements and that practice the claimed methods.   ASUS is thereby liable for direct infringement. Additionally, ASUS is liable for indirect infringement of the '957 patent because it induces the direct infringement of the patent by its customers and other end users who use the '957 Accused Devices that practice the claimed methods.

12.     ASUS is, and has been, aware of the '957 patent at least as early as service of this Complaint.

13.     On information and belief, despite having knowledge of the '957 patent, ASUS has specifically intended for persons who acquire and use such devices, including ASUS's customers, to acquire and use such devices in such a way that infringes the '957 patent, including at least claims 9, 14, and 15, and ASUS knew or should have known that its actions were inducing infringement.   In particular, despite having knowledge of the '957 patent, ASUS has and continues to provide instructional materials (e.g., user guides) that specifically instruct its customers to use ASUS's computerized communication devices in an infringing manner.   For example, the MeMO Pad User Guide, available at http://www.asus.com,

4

specifically instructs customers who use that device to access a search form in an application (e.g., Google Maps), enter a search keyword, and view content, in a manner that performs each and every step of at least claims 9, 14, and 15.  In providing such instructional materials, ASUS intentionally encourages and specifically intends that its customers use ASUS devices to directly infringe the '957 patent, with knowledge that such induced acts constitute patent infringement.

14.     SmartPhone has been damaged as a result of ASUS's infringing conduct described in this Count.  ASUS is, thus, liable to SmartPhone in an amount that adequately compensates SmartPhone for ASUS's infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## JURY DEMAND

SmartPhone hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

SmartPhone requests that the Court find in its favor and against ASUS, and that the Court grant SmartPhone the following relief:

a.     Judgment that one or more claims of the'957 patent has been infringed, either literally and/or under the doctrine of equivalents, by Defendants and/or by others to whose infringements Defendants has contributed and/or by others whose infringements have been induced by Defendants;

b.     Judgment that Defendants account for and pay to SmartPhone all damages to and costs incurred by SmartPhone because of Defendants' infringing activities and other conduct complained of herein;

c.     Judgment that Defendants account for and pay to SmartPhone a reasonable,

on-going, post judgment royalty because of Defendants' infringing activities and other conduct complained of herein;

d.     That SmartPhone be granted pre-judgment and post-judgment interest on the damages caused by Defendants' infringing activities and other conduct complained of herein; and

e.     That SmartPhone be granted such other and further relief as the Court may deem just and proper under the circumstances.


Dated:  October 17, 2014                              Respectfully submitted

                                                      */s/ Edward R. Nelson, III (by permission
                                                      Claire  Abernathy  Henry)*
                                                      Edward R. Nelson, III
                                                      enelson@nbclaw.net
                                                      Texas State Bar No. 00797142
                                                      Christie B. Lindsey
                                                      clindsey@nbclaw.net
                                                      Texas State Bar No. 24041918
                                                      S. Brannon Latimer
                                                      blatimer@nbclaw.net
                                                      Texas State Bar No. 24060137
                                                      Thomas C. Cecil
                                                      tcecil@nbclaw.net
                                                      Texas State Bar No. 24069489
                                                      NELSON BUMGARDNER CASTO,
                                                      P.C.
                                                      3131 West 7th Street, Suite 300
                                                      Fort Worth, Texas 76107
                                                      Phone: (817) 377-9111
                                                      Fax: (817) 377-3485

                                                      Anthony G. Simon
                                                      asimon@simonlawpc.com
                                                      Michael P. Kella
                                                      mkella@simonlawpc.com
                                                      Benjamin R. Askew
                                                      baskew@simonlawpc.com
                                                      Timothy D. Krieger
                                                      tkrieger@simonlawpc.com
                                                      THE SIMON LAW FIRM, P.C.
                                                      800 Market Street, Suite 1700

St. Louis, MO 63101
Phone: (314) 241-2929
Fax: (314) 241-2029

T. John Ward, Jr.
jw@wsfirm.com
Texas State Bar No. 00794818
J. Wesley Hill
wh@wsfirm.com
Texas State Bar No. 24032294
Claire Abernathy Henry
claire@wsfirm.com
Texas State Bar No. 24053063
WARD & SMITH LAW FIRM
1127 Judson Road, Suite 220
Longview, Texas 75601
Phone: (903) 757-6400
Fax: (903) 757-2323

**Attorneys for Plaintiff**
**SmartPhone Technologies LLC**